ANNA MAZANEK AND BEDRICH MAZANEK, PLAINTIFFS-APPELLANTS, v. PENNSYLVANIA-READING SEASHORE LINES, A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued May 22, 1940—Decided October 10, 1940.

For the plaintiffs-appellants, *Leon M. Bardfeld* (*Leroy W. Loder,* of counsel).

For the defendant-respondent, *French, Richards & Bradley* (*Floyd H. Bradley* and *Grace Heritage Smith,* of counsel).

The opinion of the court was delivered by

PORTER, J.   The appellants, husband and wife, were in an automobile which was struck by a train of respondent on a railroad crossing in Vineland.   They brought suit to recover for personal injuries they sustained and damage to the automobile charging the respondent with negligence in the operation of its train.   The respondent denied any negligence and charged the appellant with contributory negligence.   The case was tried at the Cumberland Circuit of the Supreme Court and resulted in a directed verdict in favor of the respondent.   From the resulting judgment this appeal was taken.

The automobile was being driven by the husband across a railroad siding running from the main line track of respondent railroad across a highway at grade into the yard of a coal dealer when respondent's locomotive which was backing over the siding at a speed of from four to five miles an hour came into collision with the appellant's automobile injuring both and damaging the automobile.

The negligence upon which this action is based is that "no warning was given to approaching vehicles either by any servant of the defendant or employe or other warning device either by bell, whistle or other means of the approach of the train in either direction   *   *   *."   The appellants contend that there was no bell ringing and that there was no employe or flagman at the crossing to warn travelers of the approach of the train.   The respondent contends that the bell was ringing as it approached and traveled over the crossing and that one of the crew was stationed at the crossing with arms outstretched to warn travelers.   Testimony was given on behalf of both sides to support each of these contentions.

The weather was clear at the time of the accident and the visibility was good.   The siding at that point crossed the highway on a slight curve alongside of the main line and but a short distance from it.   The appellant's automobile crossed the main line tracks before reaching the siding.   Both

appellants testified that the automobile was brought to a stop before crossing the main line tracks, that observations were made and that neither of them heard a bell ringing nor saw any flagman at the siding. A witness called by the respondent who testified that he was near the crossing at the time of the accident and saw the flagman there with outstretched arms said, on cross-examination, that he heard no bell ringing. This witness and the appellants were in a position where they could have heard the bell if in fact it had been ringing. Likewise the appellants were in a position to see had they looked, as they say they did, any flagman at the crossing. From this testimony an inference might reasonably be drawn that the bell was not ringing nor was a flagman there.

There was more than a scintilla of evidence to support appellant's case. The facts were sharply in dispute and presented questions for the jury. That situation is not changed because the respondent produced a number of witnesses who testified that the bell was rung and the flagman was on the crossing with outstretched arms.

It is argued under authority of *Holmes* v. *Pennsylvania Railroad Co.,* 74 *N. J. L.* 469, that there should be an affirmance because the testimony of the appellants that they did not hear the bell in the face of positive affirmative testimony of credible witnesses that it was ringing is not sufficient to raise a jury question. Not so. The case at bar is clearly distinguishable from the Holmes case because here the testimony is not merely not hearing the bell but that observations were made when and after the automobile had been stopped at the crossing for that purpose. *Cf. Tischman* v. *Erie Railroad Co.,* 81 *Id.* 268; *affirmed,* 83 *Id.* 793; *Rogers* v. *West Jersey Railroad Co.,* 75 *Id.* 568.

The judgment under review is accordingly reversed, and a new trial ordered, costs to abide the event.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.